UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAMILTON PROPERTIES, HAMILTON 1011 LP, HAMILTON PROPERTIES CORPORATION, GO-KAL LLC, and ULYSSES LLLP, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-CV-5046-B |
| THE AMERICAN INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ARTHUR J. GALLAGHER, and ALLIANZ GLOBAL RISKS, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Alter or Amend Final Judgment (doc. 81), filed by Plaintiff Hamilton Properties ("Hamilton") on August 4, 2014. For the reasons stated below, Hamilton's Motion is **DENIED**.

### I.

### BACKGROUND

This case, whose facts have been recounted in detail in the Court's previous orders, arises out of a dispute regarding an insurance company's decision to disclaim coverage and deny its client's claim for damage to its property, the Dallas Plaza Hotel (the "Property") following a hailstorm that occurred on July 8, 2009 (the "July Hailstorm"). *See* doc. 80, July 7, 2014 Memorandum Opinion and Order. On October 15, 2012, Plaintiffs Hamilton Properties, Hamilton 1011 LP, Hamilton Properties

Corporation, Go-Kal LLC, and Ulysses LLLP (collectively, "Plaintiffs") filed the above-captioned case against Defendants The American Insurance Company ("AIC"), Fireman's Fund Insurance Company, Arthur J. Gallagher, and Allianz Global Risks (collectively, "Defendants") in the 192nd-K District Court of Dallas County, Texas. Doc. 1-1, Orig. Pet. AIC and Fireman's Fund Insurance Company removed the matter to this Court on December 10, 2012. Doc. 1, Notice of Removal. On February 3, 2014, AIC moved for summary judgment on all of Plaintiffs' claims, namely: (1) breach of contract; (2) violations of the Texas Deceptive Trade Practices Act; (3) violations of the Texas Insurance Code; (4) breach of the duty of good faith and fair dealing; (5) breach of fiduciary duty; (6) misrepresentation; and (7) common law fraud by misrepresentation. *See* doc. 27, Def.'s Mot. for Summ. J. In its July 7, 2014 Memorandum Opinion and Order (the "July 7 Order") (doc. 80), the Court granted AIC's motion, dismissing Plaintiffs' claims with prejudice.

On August 4, 2014, Hamilton filed the present Motion, requesting that the Court alter the judgment in the case. Doc. 81. AIC filed a timely Response (doc. 85) on August 25, 2014, to which Hamilton has not replied. As such, the Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides for a court's alteration or amendment of a judgment upon a party's timely motion. A judgment may appropriately be altered or amended under Rule 59(e) to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."

*Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-CV-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). In other words, the Rule 59(e) remedy is extraordinary and should be used sparingly. *Templet*, 367 F.3d at 479. Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter or amend a judgment.'" *Sanders*, 2005 WL 6090228, at *1 (quoting *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

## III.

## ANALYSIS

Hamilton asks the Court to alter or amend the conclusions of its July 7 Order, which granted AIC's Motion for Summary Judgment on all of Plaintiffs' claims. Doc. 82, Pl.'s Br. in Support of its Mot. to Alter or Amend J. ("Pl.'s Br."). In its July 7 Order, the Court concluded that "AIC has illustrated that Plaintiffs lack evidence to support their claim that the damage for which they seek to recover was entirely due to the July Hailstorm, and Plaintiffs have failed to raise a genuine issue of material fact on this point." July 7 Order 13. The Court found that "AIC has also demonstrated that other, non-covered perils could have contributed to Plaintiffs' loss." *Id.* Because Plaintiffs failed "to make a showing sufficient to establish that they can allocate damages between the July Hailstorm and . . . other risks," the Court granted AIC summary judgment on Plaintiffs' breach of contract claim. *Id.* at 13–14.

The Court further found that summary judgment on the breach of contract claim was warranted on an additional ground—Plaintiffs' delay in notifying Defendants of the damage allegedly caused by the July Hailstorm. *Id.* at 19. The Court concluded that "Plaintiffs waited anywhere from nineteen to twenty-seven months after the storm before contacting Defendant about their property

damage," which it determined was not prompt as a matter of law. *Id.* at 17. Finding that Plaintiffs' delay "compromised the reliability and availability of evidence necessary to investigate their claim," the Court concluded that "AIC suffered an adverse change in position," and was thus prejudiced by Plaintiffs' actions. *Id.* at 20. Lastly, the Court granted summary judgment with respect to Plaintiffs' remaining claims (the "non-contractual claims") because they either depended on AIC's liability on the breach of contract claim or were unsupported by sufficient evidence. *Id.* at 21–27.

Hamilton requests that the Court alter or amend these findings based on the July 7 Order's "error of law or fact, as well as newly discovered evidence." Pl.'s Br. 4. Specifically, Hamilton argues that: (1) additional clarifying evidence distinguishes between damages caused by the July Hailstorm and other events; (2) the notice of the damage was timely and AIC was not prejudiced by it; and (3) the non-contractual claims must be revived, as they are derivative of the breach of contract claim. *Id.* at 5–16.

A.  *Newly Presented Evidence*

In support of its Motion to Alter or Amend Final Judgment, Hamilton presents the updated affidavits of the following four individuals, whose deposition testimony or affidavits were previously submitted in opposition to AIC's Motion for Summary Judgment: (1) affidavit of Douglas Caudill dated July 30, 2014 (doc. 83-1, Pl.'s Ex. A); (2) affidavit of Paul Cook dated July 30, 2014 (doc. 83-2, Pl.'s Ex. B); (3) affidavit of Thomas Coughlin dated August 1, 2014 (doc. 83-3, Pl.'s Ex. C); and (4) affidavit of Lawrence Hamilton dated July 31, 2014 (doc. 83-4, Pl.'s Ex. D). In addition, Hamilton offers an email chain between Lawrence Hamilton and Hamilton's insurance agent containing a discussion of when notice of the insurance claim was given. Doc. 83-5, Pl.'s Ex. D-1.

Hamilton asserts that this evidence "offer[s] nothing prejudicial or surprising to Defendant

or its counsel," as "it merely clarifies or amplifies the previously submitted evidence" accompanying Hamilton's Response to AIC's Motion for Summary Judgment. Pl.'s Br. 5. Hamilton further insists that "[t]here is absolutely nothing being offered within the evidence supplied herein (regarding all four affidavits) . . . that deviates from the evidence previously supplied by Plaintiff throughout the summary judgment process." *Id.* at 9.

The Fifth Circuit has held that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)). Thus, a motion under Rule 59(e) based on new evidence may be denied if the movant fails to adequately explain why the evidence was not available prior to judgment. *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n.1 (5th Cir. 1999).

Based on Hamilton's own characterization of the evidence as merely "clarifying," AIC argues that Hamilton has conceded its failure to satisfy Rule 59(e)'s requirement that the evidence be "newly discovered." Def.'s Resp. 3–5. Moreover, AIC observes that Hamilton has neglected to explain why this evidence was not previously discovered or submitted. *Id.*

The Court agrees with AIC and finds that Hamilton does not base its request for relief on newly discovered evidence, as it consistently emphasizes that the evidence merely clarifies, elaborates, and provides greater detail to the testimony and affidavits previously presented. Moreover, the Court notes that, in support of its Response to AIC's Motion for Summary Judgment, Hamilton presented the affidavits of Douglas Caudill, Paul Cook, and Lawrence Hamilton, as well as excerpts from the deposition of Thomas Coughlin. *See* doc. 35, Appendix in Support of Resp. to Mot. for Summ. J., Exs. A; D; E; F; G. Hamilton remains silent as to why the evidence presented in

support of the present Motion could not have been obtained prior to the Court's July 7 Order. Douglas Caudill, Paul Cook, Thomas Coughlin, and Lawrence Hamilton previously provided their testimony as to the July Hailstorm and other related events; at the time they made their prior statements, they were presumably aware of the details they describe and the conclusions they draw in their present affidavits. Because Hamilton neither asserts that it is offering newly discovered evidence that warrants the reconsideration of the Court's July 7 Order nor makes any attempt to explain why this "new" evidence could not have been presented prior to the Court's grant of summary judgment, the Court finds that Hamilton has not demonstrated that it is entitled to relief under Rule 59(e) on the basis of "newly discovered evidence." *See Schiller*, 342 F.3d at 567.

B.  *Existence of Manifest Error of Law or Fact*

Having determined that Hamilton has neither presented newly discovered evidence nor explained why any new evidence could not have been presented prior to the Court's July 7 Order, the Court nonetheless considers Hamilton's remaining arguments for the amendment of judgment and reviews the additional evidence presented in support thereof. Hamilton asserts that the Court's July 7 Order contains "error of law or fact" that warrants reconsideration of the summary disposition of the case. Pl.'s Br. 4. Though Hamilton does not specify which errors are of law and which are of fact, the Court examines its assertion that, based on the newly produced evidence, the damage to the Property was caused by the July Hailstorm and the notice of this damage was delivered in a timely manner. *Id.* at 3.

    1.    <u>Cause of the Property Damage</u>

Hamilton insists that "summary judgment was improperly granted on the grounds that no direct link between the subject storm and the resulting damage was demonstrated by [Plaintiffs]."

*Id.* at 7. Hamilton argues that the newly presented evidence addresses the insufficiencies discussed within the Court's July 7 Order and therefore warrants amendment of the judgment. Hamilton thus contends that the additional evidence demonstrates that the July Hailstorm caused damage to the Property. *Id.* at 6. In addition, Hamilton asserts that the Court's Order "may make the segregation of damages impossible," as the "mere existence of pre-existing damage to any degree made it seemingly impossible for Plaintiff to separate new damage from old." *Id.* at 6–7.

The Court first notes that Hamilton incorrectly describes the Court's statement of the law on this issue. In assessing AIC's Motion for Summary Judgment with respect to Plaintiffs' breach of contract claim, the Court explained that "[a]n insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by his policy." July 7 Order 8 (quoting *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. v. Gandy*, 925 S.W.2d 696 (Tex. 1996)). Contrary to what Hamilton contends in its present Motion, the Court emphasized that "this does not mean that an insured cannot recover where he suffers damage from both covered and non-covered perils." *Id.* To recover in circumstances where "covered and excluded perils combine to cause an injury," however, "the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Id.* (quoting *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993)). The Court therefore noted that, to survive summary judgment, Plaintiffs would have "to provide evidence upon which a jury or court can allocate damages between [damages] that resulted from covered perils and those that did not . . . ." *Id.* (quoting *Nat'l Union Fire Ins. v. Puget Plastics Corp.*, 735 F. Supp. 2d 650, 669 (S.D. Tex. 2010)).

However, in applying this framework, and after considering the evidence presented by the

parties (which included the affidavits or deposition testimony of the individuals whose affidavits Hamilton presents as new evidence in support of its present Motion), the Court concluded that "Plaintiffs' evidence reinforces AIC's point that other causes could have contributed to the damage." July 7 Order 12. Because the evidence demonstrated that a prior storm or lack of maintenance—neither of which were covered under the insurance policy in question—could have caused the damage to the Property, the Court determined that the burden "shifted to Plaintiffs to provide 'evidence to allow the trier of fact to segregate covered losses from non-covered losses.'" *Id.* (quoting *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004)). The Court concluded that Plaintiffs failed to carry this burden, as they did not "point to anything that would allow a jury to reasonably distinguish between the damage that was caused by the July Hailstorm and the damage caused by other admitted, potential sources." *Id.* at 13.

After reviewing the additional affidavits Hamilton presents in support of the present Motion, the Court again finds that the evidence is insufficient to raise a genuine issue of material fact and differentiate between any damage caused by the July Hailstorm and damage caused by other events. First, Hamilton presents the affidavit of Douglas Caudill, the owner of a company located diagonally across from the Property. *See* doc. 83-1, Pl.'s Ex. A, 1. Douglas Caudill describes the July Hailstorm as well as the damage that it caused to his building. *Id.* at 1–2. He further attests that several of his other properties located in the area were similarly damaged. *Id.* at 2. However, he notes that neither the hailstorms that occurred prior to the July Hailstorm nor those that followed it caused any such damage. *Id.* Hamilton argues that this "testimony operates to defeat the allegations by [AIC] that such preceding or following events could have caused the subject [property's] underlying damage, versus the true causal event," the July Hailstorm. Pl.'s Br. 10.

In response, AIC challenges the importance of this affidavit, asserting that it merely elaborates upon prior testimony and explains that only the July Hailstorm caused damage to Douglas Caudill's properties. Def.'s Resp. 6. It does not, however, provide evidence regarding the condition of the Property before or after the subject storm. *Id.* Moreover, AIC objects to Douglas Caudill's statement that he "ha[s] no doubt whatsoever that similar damage occurred to the Plaza Hotel to that which [he] experienced." *Id.* at 6 n.2 (quoting Pl.'s Ex. A at 2). AIC argues that this statement is speculative, conclusory, and lacks proper foundation. *Id.*

The Court agrees with AIC that Douglas Caudill's affidavit does not create a genuine issue of material fact as to the allocation of damage between the July Hailstorm and other possible causes. As explained in the July 7 Order, evidence indicating "that the July Hailstorm could have damaged the Property" does not assist Hamilton, as it does not offer anything establishing the condition of the Property either before or after the storm. *See* July 7 Order 9. Simply because Hamilton offers testimony that more elaborately describes the damage to neighboring buildings and speculates that such damage was similarly caused to the Property does not "provide evidence upon which a jury or court can allocate damages between [damages] that resulted from covered perils and those that did not," as was required to survive summary judgment in the present case. *Nat'l Union Fire Ins.*, 735 F. Supp. 2d at 669.

A similar insufficiency appears in the affidavit of Paul Cook, who lives and works at a hotel located diagonally across from the Property. Doc. 83-2, Pl.'s Ex. B, 1. Paul Cook, like Douglas Caudill, elaborates on the damage the July Hailstorm inflicted on his residence and describes what he observed on the day of the storm. *Id.* at 1–2. He further attests that no other hailstorm, either before or after the subject storm, resulted in similar damage. *Id.* at 2. Like the affidavit of Douglas

Caudill, Paul Cook's affidavit lacks any indication of the condition of the Property either before or after the July Hailstorm, and thus fails to raise a genuine issue of material fact that would warrant amending the judgment in this case.

Next, Hamilton offers the affidavit of Thomas Coughlin, who served as a caretaker of the Dallas Plaza Hotel at the time of the July Hailstorm. Doc. 83-3, Pl.'s Ex. C, 1. Thomas Coughlin testifies that, "[w]hile patrolling the building later that afternoon [after the storm], [he] detected water dripping from the ceiling of the former restaurant on the twelfth floor and from the portion of the ceiling of the lobby located under the porte-cochere." *Id.* He further indicates that on several occasions prior to the July Hailstorm, between May of 2009 and July 8, 2009, he visited the twelfth floor of the Property and observed no damage from water penetration from the roof. *Id.* at 2. Hamilton thus argues that this testimony, combined with the previously submitted testimony of Plaintiffs' engineering expert, Thomas Shingler, creates a fact issue as to the causal relationship between the July Hailstorm and the damages that are the subject of this lawsuit. Pl.'s Br. 13.

AIC disagrees with the inferences Hamilton attempts to draw from Thomas Coughlin's affidavit and argues that any discussion of the Property's condition prior to the July Hailstorm is undermined by the testimony of Plaintiffs' expert, Thomas Shingler. Def.'s Resp. 7. AIC notes that in his testimony, Thomas Shingler asserted that he would not expect to see water intrusion into the interior of the twelfth floor the same day the roof was damaged because it would take days of rain to saturate the insulation between the roof and ceiling of the twelfth floor before such damage would be observable. Def.'s Resp. 7; doc. 30-1, Appendix in Support of Def.'s Mot. for Summ. J., Ex. H, Depo. of Thomas Shingler 78–82. Therefore, AIC argues, Thomas Coughlin's statement that he observed water intrusion on the day of the July Hailstorm makes it less likely that this damage was

caused by the subject storm. Def.'s Resp. 7.

After reviewing the newly submitted affidavit of Thomas Coughlin, the Court finds that it does not address the deficiencies noted in the July 7 Order. Again, Thomas Coughlin's insistence that he witnessed water dripping from one of the Property's ceilings, especially when combined with the expert testimony of Thomas Shingler, does not assist in the allocation between damage caused by the July Hailstorm and damage resulting from other events or factors. Simply because the July Hailstorm may have contributed to the Property's damage does not create a genuine issue of material fact as to the cause of the specific loss in question.

Hamilton further offers the affidavit of Lawrence Hamilton, CEO of Hamilton Properties Corporation, the entity which, along with the remaining Plaintiffs in this action, acquired the Dallas Plaza Hotel in 2006. Doc. 83-4, Pl.'s Ex. D, 1. Lawrence Hamilton avers that, "[t]o the best of [his] knowledge and belief the Hotel was in good repair and had no roof leaks or problems as of the date that [the insurance] changeover occurred on February 16, 2009." *Id.* at 2. He further argues that the hailstorm that occurred on February 10, 2009 (prior to coverage under the insurance policy in question) could not have damaged the Property, because (1) such damage would have been noticed and reported by management staff; (2) other buildings in the area did not report damages as a result of this storm; and (3) Thomas Coughlin "was not aware of any roof leaks as of May 2009." *Id.*

In its Response, AIC objects to Lawrence Hamilton's statements, insisting that they are speculative, offer no foundation, and do not indicate that Mr. Hamilton had inspected the roof prior to February 16, 2009. Def.'s Resp. 5. AIC further argues that the affidavit fails to establish that Lawrence Hamilton (1) was competent to inspect the roof; (2) was competent to correctly diagnose whether any specific maintenance or repairs were necessary; and (3) was aware whether regular

maintenance inspections were made prior to February 16, 2009. *Id.* at 5–6. In addition, AIC notes that Lawrence Hamilton's affidavit neglects to address his previous testimony, in which he had indicated that Hamilton Properties did nothing to maintain the roof before making its claim for damages. *Id.* at 6; July 7 Order 12.

Moreover, AIC insists that Lawrence Hamilton makes "unsupported speculation regarding the condition and maintenance of the roof," which is countered by the testimony of Plaintiffs' expert, Thomas Shingler, that the roof was not properly maintained or in good condition and that there was a patch, not caused by hail, through which water could "certainly" intrude. Def.'s Resp. 6; doc. 30-1, Ex. H, Depo. of Thomas Shingler 71–72, 74. AIC further points to Shingler's testimony in which he describes another opening in the roof—likely caused by shrinkage, not hail—through which water could have intruded into the Property. Def.'s Resp. 6; doc. 30-1, Ex. H, Depo. of Thomas Shingler 72.

The newly submitted affidavit of Lawrence Hamilton may put forth speculations and assumptions regarding the cause of the damage and the condition of the roof prior to the July Hailstorm, but such unsupported conclusory statements are insufficient to raise a genuine issue of material fact as to the allocation of damage caused by the July Hailstorm and that caused by other forces. *See Matsushita*, 475 U.S. at 587. In its July 7 Order, the Court concluded that "neither [Shingler] nor Plaintiffs point to anything that would allow a jury to reasonably distinguish between the damage that was caused by the July Hailstorm and the damage caused by other admitted, potential sources." July 7 Order 13. The new affidavit of Lawrence Hamilton, even if considered in support of the present Motion, would not alter this conclusion, especially when examined in conjunction with the testimony of Plaintiffs' expert, Thomas Shingler.

Thus, the Court finds that Hamilton does not uncover a manifest error of law or fact—even when relying on the newly provided evidence—that would warrant the amendment of the July 7 Order. Indeed, it appears that Hamilton instead seeks "to relitigate prior matters that should have been urged earlier or that simply have been resolved to [its] dissatisfaction," which is not permitted under a Rule 59(e) motion. *Sanders*, 2005 WL 6090228, at *1 (citing *Templet*, 367 F.3d at 479).

2.  Notice of the Property Damage

Hamilton further provides an email chain containing an exchange between Lawrence Hamilton and the insurance agent at the time. Doc. 83-5, Pl.'s Ex. D-1. The email chain indicates that Lawrence Hamilton contacted the insurance agent on February 14, 2011, informing him of the damage caused by the July Hailstorm. *Id.* In his affidavit, Lawrence Hamilton further asserts that "[t]he insurer was not prejudiced by our reporting as of February 14, 2011 for its inability to distinguish damages that had occurred on the July 8, 2009 storm and purported hailstorms that happened a few months after the report of loss." Pl.'s Ex. D, 2.

As AIC notes, however, in its July 7 Order, the Court previously determined that, even if notice of the claim were provided in February 2011—nineteen months after the July Hailstorm—such notice would not be prompt as a matter of law. July 7 Order 17; Def.'s Resp. 7. The Court also found that this delayed notice was prejudicial to Defendants, as it "compromised the reliability and availability of evidence necessary to investigate [the] claim." July 7 Order 20. Lawrence Hamilton's insistence to the contrary is conclusory and, as such, is insufficient to amend the Court's findings on this issue. Moreover, nowhere does Hamilton allege that the Court committed a manifest error in finding that a notice submitted nineteen months after the event in question is untimely.

### 3. Non-contractual Claims

Lastly, Hamilton urges the Court to revive its remaining claims against Defendants, as they are derivative of the breach of contract claim. Because the Court denies Hamilton's request to alter the judgment dismissing the breach of contract claim, there is no remaining basis for reviving the non-contractual claims.

In sum, even if the Court were to consider the additional evidence presented by Hamilton, no genuine issue of material fact would be raised warranting the amendment of the summary disposition of Plaintiffs' claims. Accordingly, Hamilton's Motion to Alter or Amend Final Judgment is **DENIED**.

## IV.

## CONCLUSION

For the foregoing reasons, the Court concludes that Hamilton has failed to demonstrate a manifest error of law or fact with respect to the Court's July 7 Order and has further failed to present newly discovered evidence that could not be obtained prior to judgment. Accordingly, Hamilton's Motion to Alter or Amend Final Judgment is **DENIED**.

**SO ORDERED.**

**SIGNED: March 27, 2015**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE